```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

ERIC D. GREEN,

                 Plaintiff,

vs.                              Case No.  2:10-cv-654-FtM-29DNF

J. KOZLOWSKI, L. BROWN, STEVEN HALL,
ANDRO JOHNSON, CLAUDE HENDERSON,
sued in their individual capacities,

                 Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendants' Motion to Dismiss Under Three Strikes Provision of the Prison Litigation Reform Act or Alternative, For Failure to Truthfully Disclose Prior Lawsuits (Doc. #38, Motion). Plaintiff filed a response in opposition (Doc. #43, Response). Plaintiff also filed an Amended Complaint (Doc. #41) on September 9, 2011. This matter is ripe for review.

**I.**

Defendants move for dismissal under 28 U.S.C. § 1915(g), or in the alternative based on Plaintiff's failure to "truthfully" disclose all of his prior litigation on his Complaint. See Motion. While Defendants seek dismissal due to Plaintiff's three strike status, Defendants also point out that Plaintiff listed all of his previous cases that he filed in the district courts on his Complaint, but failed to mention two cases he filed in the

appellate courts. Motion at 4, ¶ 6. The Court will first address Defendants' § 1915(g) argument.

## II.

Defendants submit that Plaintiff qualifies as a "three striker" and point to the following six cases in support of their position: Appellate Case No. 09-10341-F; Appellate Case No. 08-11320; and District Court Case Nos. 3:01-cv-1255; 3:02-cv-20; 3:06-cv-842; and 3:07-cv-39. See Motion at 5-6, n. 3; see also Exhs. A-F. Defendants aver that the appellate court's order dismissing Plaintiff's appeal as frivolous in case 09-10341-F should count as a strike. Motion at 4 (citing Exh. A). Defendants submit that the Court should also count the order of dismissal for lack of prosecution in appellate case 08-11320 as a strike. Motion at 4; n. 3. Defendants submit that the Court should count the order of dismissal for failure to comply with the court's order in 3:02-cv-20 as a strike. Id. at 6, n. 3. Defendants state that the Court should count the order of dismissal based on Plaintiff's failure to truthfully list under penalty of perjury all prior suits in case numbers 3:01-cv-1255. Id. The Defendants argue that the orders granting summary judgment in cases 3:06-cv-842 and 3:07-cv-39 should count as strikes, because Plaintiff had attempted to bring these two new actions, which were already included as part of the settlements in his previous actions at case numbers 3:02-cv-70 and 3:04-cv-1060. Motion at 6, n. 3.

In Response, Plaintiff contends that he did not abuse the judicial process in case numbers 3:02-cv-20 and 08-11320-DD because he did not receive a copy of the courts' orders. Response at 3-4. With regard to appellate case no 09-10341-F, Plaintiff points out that the appellate court reconsidered and vacated its order. Id. at 6.  With regard to case numbers 3:06-cv-842 and 3:07-cv-39, Plaintiff states that the Assistant Attorney General who had negotiated the settlement of these cases with him "had manipulated, deceived, and misled him into signing the release of all claims." Id. at 6. Last, addressing Defendants' contentions that Plaintiff did not disclose all of his prior cases in his instant Complaint, Plaintiff submits that their argument is moot based on Plaintiff's Amended Complaint.  Id. at 3, 7.  Therefore, Plaintiff asks that the Court deny the Defendants' Motion.

### III.

The Prison Litigation Reform Act (hereinafter PLRA), which amended 28 U.S.C. § 1915, contains the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Additionally, the Court may consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir. 1998). The types of dismissals that count as strikes under § 1915(g) include, *inter alia*, dismissals for failure to state a claim under § 1915A and §1915(e)(2)(b), for failure to exhaust administrative remedies, for abuse of the judicial process, for refusal to comply with court orders, and for repeated assertion of claims previously raised. See Buckle v. Daniels, Case No. 10-80300-CIV-HURLEY, 2010 WL 1838073 (S.D. Fla. April 7, 2010 (reviewing types of dismissals that precedent recognizes count as strikes under § 1915(g)).

**IV.**

Upon review of the prisoner civil rights cases and appeals thereof that Plaintiff has filed, the Court finds that Plaintiff has at least three qualifying strikes under § 1915(g). See 3:01-cv-1255 (Doc. #4, dismissal for lying under penalty of perjury), 3:01-cv-1298 (Doc. #6, dismissal for lying under penalty of perjury), and 3:02-cv-20[1] (Doc. #11, abuse of judicial process for

---

[1]Plaintiff contends that this Court should not count his dismissal in case number 3:02-cv-20 as a strike because he did not receive the court's orders. See Response. A review of the docket shows that on January 25, 2002, the court ordered Plaintiff to submit documentation to verify his completion of the grievance
(continued...)

not complying with court order after warning). Contrary to Defendant's argument, however, the Court will not count as a strike the appellate court's order in case number 09-10341, which found Plaintiff's appeal was frivolous, because the appellate court later granted Plaintiff's motion for reconsideration and vacated that order. See Eleventh Circuit Case 09-103410-F Order, dated August 31, 2009. Also, contrary to Defendant's position, the Court finds that an order dismissing a case for lack of prosecution is distinguishable from an order dismissing a case for abuse of the judicial process stemming from the plaintiff's failure to comply with a court order. Defendant does not point to any case law to support such a finding. Thus, the Court will not count the appellate order in case number 08-11820 as a strike. See Eleventh Circuit Case 08-11820. Nevertheless, because the Court has found Plaintiff has three qualifying strikes under § 1915(g), the Court will not address whether the remaining cases count as strikes.

---

[1](...continued)
procedures. On February 22, 2002, and April 22, 2002, Plaintiff filed a motion for an extension of time to produce such documentation. Doc. #6, #9. Both times the court granted Plaintiff's Motion and extended the deadline in orders dated February 28, 2002 and May 14, 2002. The Court warned Plaintiff that failure to comply with the Court's orders would result in the dismissal of the case without further notice. See Docs. #7, #10. On July 22, 2002, when Plaintiff failed to comply with the Orders and submit the inspector general's report, the Court dismissed the action based on Plaintiff's failure to comply. Doc. #11. Thus, although the docket shows that Plaintiff did not receive the May 14, 2002 order granting Plaintiff additional time, Plaintiff was well aware of his obligation to submit the inspector general's report in this case. Moreover, it is Plaintiff's responsibility to keep the Court apprised of his mailing address at all times.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss Under Three Strikes Provision of the Prison Litigation Reform Act or Alternative, For Failure to Truthfully Disclose Prior Lawsuits (Doc. #38) is **GRANTED for the reasons herein**. The Complaint is **dismissed without prejudice** pursuant to § 1915(g).

2. Plaintiff may initiate this action by filing the Complaint and paying the $350.00 filing fee at the time he initiates the action.

3. The Court's Order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #7) is **VACATED.**

4. The **Clerk of Court** shall notify the proper officials with the Florida Department of Corrections to remove the filing fee lien from Plaintiff's prisoner account stemming from this case number.

5. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __21st__ day of December, 2011.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record